Milligan, J.,
delivered the opinion of the court:
The claim in this case is made for the proceeds of eight bales of cotton, seized at Savannah. Georgia, after the occupation of that city by the military forces of the United States under General Sherman.
The title to the cotton in question, is satisfactorily shown in the claimant. It was stored on his premises, and marked with the initials of his name. On the Ctli of March, 1865, it was-seized, under the orders of Colonel Eansom, who was charged with the duty of collecting cotton for the Government at Savannah, shipped to New York, and there sold by the United' *450 States cotton agent, and the net proceeds paid into the Treasury.
The claimant does not satisfactorily prove that he continuously adhered to the United States, and gave no aid or comfort to the rebellion.
On the 17th of April, 1865, before the seizure of his cotton, he took and subscribed the oath of amnesty prescribed by the President in his'proclamation of the 29th of May, 1865. He was not within the exceptions of said proclamation, and has since faithfully kept and performed said oath inviolate.
The facts of this case bring- it directly within the principles of Pcidelf Orel’s Oase, (9 Wall., 331,) and it must be ruled by that decision.
There was, however, some exceptions taken on the argument to the title to the cotton claimed in this action, because there is proof tending to show that the cotton in question was pur•chased with the money of the claimant’s wife. Two grounds .are assumed on this point: first, that the cotton was purchased by the wife of the claimant before her marriage; an d second, that it was purchased with her money after marriage. There is nothing-in the objection on either ground. In a. State where the common law prevails so largely as in the State of Georgia, it is hardly -necessary to say, in the absence of a direct statutory provision to -the contrary, that the right of the wife to her personal property in possession on her marriage vested in her husband; and it ■does not matter whether the cotton was hers in point of fact 'before the marriage, or was purchased afterward by the ’husband with money derived from her. In both cases the law ■clothes the husband with the title, and so we have found in the facts of this case.
The claimant is entitled to recover the net proceeds of eight bales of upland cotton, which we find to be $3,402.64, for which judgment will be entered.